# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

| | |
|---|---|
| **JESSACA CUMMINGS,** Petitioner, v. **UNITED STATES OF AMERICA,** Respondent. | **CIVIL ACTION NO.: 3:17-CV-46 (GROH)** |

## REPORT AND RECOMMENDATION TO DISMISS PETITIONER'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)

### I. INTRODUCTION

On April 26, 2017, Jessaca Cummings ("Petitioner"), acting *pro se*, filed a Motion for Return of Unlawfully Seized Property.[1] ECF No. 1. That same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees. ECF No. 2. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, the undersigned finds that the Court lacks jurisdiction over Petitioner's Motion for Return of Unlawfully Seized Property and recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and the matter be dismissed without prejudice.

### II. FACTS ALLEGED IN MOTION

Petitioner alleges in the instant Motion that, on or about January 2010, she was found in North Carolina by unknown FBI agents. ECF No. 1 at 1. The FBI agents

---

[1] Petitioner references United States v. John Hargrove, Case No. 3:07-CR-58, as the criminal case associated with the seizure of property.

requested that Petitioner hand over letters from her ex-boyfriend, John Hargrove, and a hard drive. Id. at 2. The property requested by the FBI was located in a storage facility in Bristol, Connecticut. Id. Petitioner arranged to meet FBI agent Jeffery Whines and another unknown FBI agent on March 5, 2010, in Bristol, Connecticut, at the storage facility. Id. Petitioner alleges that she requested, but did not receive, documentation as to the items seized from the storage unit. Id. at 3. She further alleges that the FBI agents threatened her with prosecution if she did not cooperate with the seizure of the property. Id. The FBI agents seized the property on March 5, 2010, at Petitioner's storage facility in Bristol, Connecticut. Id. Petitioner is requesting, pursuant to Federal Rule of Criminal Procedure 41(g), that the Government return the letters and photos that were seized at Petitioner's storage facility on March 5, 2010 in Bristol, Connecticut. Id. at 5.

### III. ANALYSIS

Federal Rule of Criminal Procedure 41(g) ("Rule 41(g)") states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). When a petitioner "invokes [this rule] after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). Therefore, a court "has jurisdiction to order money damages if it cannot effect return of the specific property at issue." United States v. Minor, 228 F.3d 468 (4th Cir. 2000).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has

2

previously held in United States v. Garcia, that the venue provision of Rule 41(g), which dictates that a motion for the return of unlawfully seized property be filed in the district where the property was seized, "applies to all actions to recover property seized in connection with a criminal investigation, notwithstanding their 'civil' nature." United States v. Garcia, 65 F.3d 17, 21 (4th Cir. 1995); see also United States v. Ebert, No. 00-7807, 39 F. App'x 889, 894, 2002 WL 1492242, at *4 (4th Cir. July 15, 2002) (recognizing that "Garcia remains the binding law of this circuit"). However, according to the Garcia Court, the trial court cannot exercise ancillary jurisdiction over a defendant's Rule 41(g) motion when the "criminal proceeding has long since ended and the trial court exercises no control over the property." Garcia, 65 F.3d at 20.[2] The Garcia Court explained that venue is only proper in the trial district court pending criminal proceedings because the trial court "is the only possible forum for a Rule 12 motion to suppress." Id. Accordingly, a Rule 41(g) motion may only be "made in the district of trial while criminal proceedings are pending *in that court.*" Ebert, 39 F. App'x at 893, 2002 WL 1492242, at *4.

In the present case, the undersigned finds that the Court lacks jurisdiction over the seizure of Petitioner's property for two reasons. First, Petitioner alleges that the search and seizure of her property was conducted at a storage facility in Bristol, Connecticut, which is outside of this Court's jurisdiction. Second, Petitioner has no pending criminal proceedings in the Northern District of West Virginia. Petitioner attempts to bring the instant Motion in connection with a criminal proceeding filed against her ex-boyfriend,

---

[2] At issue in Garcia was a motion Garcia filed in 1994 in the Eastern District of North Carolina under Fed. R. Crim. P. 41(e) for the return of his property. Garcia, 65 F.3d at 18. In 1994, a Motion for Return of Property fell under Fed. R. Crim. P. 41(e) as opposed to the current rule, Fed. R. Crim. P. 41(g). See Fed. R. Crim. P. 41 (1994).

John Hargrove, Case No. 3:07-CR-58, in the Northern District of West Virginia. Whether she is able to use his criminal case for jurisdiction is not an issue because John Hargrove no longer has a pending criminal proceeding in the Northern District of West Virginia.[3] Therefore, under Garcia, this Court lacks jurisdiction over the instant Motion and the proper court for the Motion would be the United States District Court for the District of Connecticut. See Garcia, 65 F.3d at 20-21; see also Ebert, 39 F. App'x at 893, 2002 WL 1492242, at *4.

## IV. RECOMMENDATION AND CONCLUSION

For the reasons stated herein, I find that this Court lacks jurisdiction over Petitioner's Motion for Return of Property. Accordingly, I **RECOMMEND** that Petitioner's Motion [ECF No. 1] for Return of Property be **DISMISSED WITHOUT PREJUDICE** and that Petitioner's Motion [ECF No. 2] to Proceed In Forma Pauperis be **DENIED** as **MOOT**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a

---

[3] John Hargrove was found guilty on all three counts of the indictment on October 3, 2008. (Trial Tr. at 87:8-22, ECF No. 264, Case No. 3:07-cr-58, Oct. 3, 2008). On December 12, 2008, John Hargrove was sentenced to 120 months' incarceration on Count One, 240 months' incarceration on Count Two and life imprisonment on Count Three, with all sentences to be served concurrently. (3:07-cr-58, ECF No. 294). On November 19, 2010, the Fourth Circuit affirmed Mr. Hargrove's conviction and sentence. (3:07-cr-58, ECF No. 359; see also United States v. Hargrove, 625 F.3d 170 (4th Cir. 2010)).

judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Jessaca Cummings.

**DATED:** April 27, 2017

/s/ Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE